

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2004

# Schmidt v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3490

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Schmidt v. Comm Social Security" (2004). *2004 Decisions.* Paper 836.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/836

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3490

———

CARLOS SCHMIDT,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the District of New Jersey
(Dist. Court. No. 01-cv-01901)
District Court Judge: Honorable Dennis M. Cavanaugh

———

Submitted under Third Circuit LAR 34.1(a)
April 2, 2004

Before: ALITO, FISHER and ALDISERT, Circuit Judges.

(Opinion Filed April 14, 2004)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Because we write for the parties only, the background of the case is not set forth.

Carlos Schmidt appeals from an order of the district court granting summary judgment for

the Commissioner of Social Security and affirming the denial of his application for Social

Security benefits under Titles II and XVI of the Social Security Act ("Act"). *See* 42 U.S.C. §§ 401-434, 1381-1383(f). Schmidt argues that the Commissioner's determination is not supported by substantial evidence, that the Administrative Law Judge improperly rejected the opinion of the treating physician even though it was uncontradicted and did not adequately analyze Appellant's subjective complaints of pain according to the mandated protocol by the Commissioner.

We must uphold the Commissioner's factual findings if they are supported by substantial evidence in the record. Hartranft v. Apfel 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citations omitted).

We conclude that the ALJ's findings are supported by substantial evidence. The ALJ determined that Appellant, who was 34 at the time of the ALJ hearing, retained the residual functional capacity ("RFC") to perform work except for lifting and carrying more than ten pounds frequently and more than twenty pounds occasionally; sitting more than six hours in an eight hour day; and standing/walking more than six hours in an eight hour day. Based on an exertional capacity for light work, and the appellant's age, education and work experience, the relevant medical-vocational rules directed a conclusion of "not disabled." See 20 C.F.R. § 416.969; 20 C.F.R. Part 404, Subpart P, Appendix 2.

Regarding the ALJ's determination of Schmidt's RFC for a full range of light

work, Schmidt argues that the assessment made by Dr. Bates, his treating physician, should have been given controlling weight over that of Dr. Danza, a non-treating physician from the State Disability Service. In reviewing the record, the district court noted that the record "is devoid of any objective medical evidence of clinical or laboratory tests that support Dr. Bates' assessment of Schmidt's RFC." What's more, Dr. Bates' assessment is inconsistent with the medical evidence that is contained in the record.

In determining that Schmidt's subjective complaints were "not fully credible," the ALJ first considered the medical evidence in the record as a whole. Based on the reports from Drs. Carr, Gram and Bates and x-rays, the ALJ concluded that this medical evidence was "not alone so serious as to warrant greater functional limitations" than was needed to perform light work. The evidence in the record reported no signs of joint swellings or deformity, no decrease in muscle strength and no muscle wasting. Both Schmidt and his wife testified that Schmidt was taking his medication as prescribed. This testimony contradicted the reports of several physicians, however, who when referring to Schmidt's diabetes, noted it was poorly controlled and that Schmidt had a history of poor compliance. It is significant that the ALJ considered Schmidt's prior work record in determining the credibility of his complaints. Although Schmidt was only 34 years of age, he testified that his last job was eight years previous as a mechanic which he held for a two week period. The ALJ properly determined that this testimony could not enhance

the credibility of Schmidt's complaints.

We have considered all of the contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.